

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| ALLIE J. HARPER, III,<br>　　　Plaintiff,<br><br>vs.<br><br>CEDRICK BLAKENEY; JOHN R. NEAL;<br>NEAL MCCOY ENTERPRISES, LLC;<br>BUDGET TRUCK RENTAL, LLC;<br>MCCALLUM GROUP ENTERPRISES, INC.;<br>and ATLANTIC CASUALTY INSURANCE<br>COMPANY,<br>　　　Defendants. | CIVIL ACTION NO. 0:15-01830-MGL |

MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTING DEFENDANTS MCCALLUM GROUP ENTERPRISES, INC.'S AND
BUDGET TRUCK RENTAL, LLC'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

## I.　INTRODUCTION

Plaintiff filed this case as a negligence and declaratory judgment action. The Court has jurisdiction over the matter under 28 U.S.C. § 1332. Pending before the Court are Plaintiff's motion for partial summary judgment, ECF No. 106, Defendant McCallum Group Enterprises, Inc. (McCallum)'s motion for partial summary judgment, ECF No. 103, and Defendant Budget Truck Rental, LLC (Budget)'s motion for partial summary judgment, ECF No. 107.[*] Having carefully

---

[*]Although the parties refer to their motions as motions for summary judgment, the Court will refer to them as motions for partial summary judgment because, even if the Court granted them in full, that would nevertheless fail to dispose of the entire case.

considered the motions, the responses, the replies, the record, and the applicable law, the Court will deny Plaintiff's motion and grant McCallum's and Budget's motions.

## II.    FACTUAL AND PROCEDURAL HISTORY

The relevant facts for purposes of this Order are largely undisputed. This action arises out of a motor vehicle accident that occurred at approximately 3:00 a.m. on July 19, 2014, on northbound Interstate Highway 77 in South Carolina when Defendant Cedrick Blakeney (Blakeney)'s truck (the truck) allegedly struck Plaintiff's car (the accident).

Defendants propound Blakeney is an independent contractor who drives for Defendant Neal McCoy Enterprises, LLC (McCoy). McCoy is a delivery company that delivers automobile parts, including tires and wheels. McCallum is a logistics company and has a contractual delivery agreement with McCoy (the agreement). The terms of the agreement are detailed below. Defendant John R. Neal (Neal), on behalf of McCoy, leased the truck from Budget, a national truck rental company. According to the Oklahoma registration, the unladen weight of the truck is 12,000 pounds.

The accident occurred as Blakeney drove the truck from one of McCallum's facilities in Columbia, South Carolina, to one of its facilities in Charlotte, North Carolina. Under the agreement, five nights a week, Blakeney, on behalf of McCoy, picks up a truck at Dealer Tire in Charlotte, travels to McCallum's warehouse in Charlotte, then to its warehouse in Columbia, and then back to its warehouse in Charlotte. The agreement specifically provides McCallum "does not control or direct the means or manner in which [McCoy] performs the services (e.g. which streets to take from

a pick-up site to a deliver[y] site, the make and model of the delivery vehicle, the order in which services are rendered, etc.)." ECF No. 103-6 at 1.

Further, the agreement states McCoy shall: (a) "provide a safe vehicle and all other equipment (whether by ownership, lease, or otherwise) that, in [McCoy's] sole judgment, is necessary and suitable for the rendition of the delivery services," (b) "be solely responsible for the operation of all equipment used in rendering the delivery services," (c) "obtain and maintain all necessary permits, licenses, and registrations to render the delivery services," and (d) "obtain all necessary and appropriate training as [McCallum] does not provide any formal or informal training or instruction regarding rendition of the delivery services." *Id.* at 5-6. The agreement also requires McCoy to satisfy the following insurance requirement:

> (c) for trucks with a gross weight of more than 10,000 pounds, [McCoy] shall carry and keep in full force and effect commercial auto liability insurance covering bodily injury and property damage, with a liability limit of not less than $1,000,000 combined single limit and a deductible of no greater than $1,000, including an additional insured endorsement naming [McCallum] as additional insured as well as its officers and directors and any subsidiaries and affiliated corporations.
> (d) provide [McCallum] with a copy of an insurance policy that evidences the foregoing insurance coverages and amounts. If the scope of this Agreement involves more than one vehicle, [McCoy] shall carry and keep in full force and effect the appropriate level of coverage must be provided [sic] for all other vehicles, whether owned or not.

*Id.* at 6-7. Therefore, according to these terms, because the truck is 12,000 pounds, McCoy was required to carry a $1,000,000 policy and present a copy of the policy to McCallum.

Although McCoy possesses a Commercial Automobile Policy issued by Defendant Atlantic Casualty Insurance Company (Atlantic) for the period when the accident occurred, Policy #BA3013585-0, the maximum amount of bodily injury liability coverage under that policy is $100,000 per person and $300,000 per accident. Because the truck is neither a "Covered Auto" nor

3

a "Temporary Substitute" for a "Covered Auto" under the terms of the Atlantic policy, however, this Court granted Atlantic's motion for summary judgment on November 3, 2016, and declared Atlantic's policy provides no coverage for the parties at hand in connection with the accident. ECF No. 118.

McCoy leased the truck from Budget pursuant to a rental agreement on a commercial account for a fourteen-day period at a rate of $600.00 per week. The rental agreement contains the following provisions regarding insurance:

> If the Truck is used for commercial (non-personal use) purposes, you will be required to purchase one of our liability coverages or provide a certificate of insurance[.]
> . . . .
> If you accept Supplemental Liability Insurance ("SLI") at the start of your rental and pay the SLI fee stated on the Rental Document, then the higher limits of liability protection provided by SLI will apply to your rental. The protection provided by SLI will be primary and the combined limits of liability protection will be $2,000,000 for each person for bodily injury, death or property damage, but not more than $2,000,000 for each accident[.]
> . . . .
> If you are a commercial customer you may elect to provide liability insurance instead of purchasing our liability coverages and damage waivers. If you do as indicated on the Rental Document, you agree to insure the Truck under a standard form automobile liability insurance policy, with Budget Truck Rental, LLC and Budget Rent A Car System, Inc., named as an additional insured, covering all risks of loss or damage to persons or property arising out of the ownership, maintenance, use, or operation of the Truck during the rental, regardless of fault. The limits of this insurance will not be less than a combined single limit of $750,000 for all bodily injury and property damage arising from anyone accident or such higher limits as we may require. You agree to provide us with a certificate of insurance, evidencing the required coverage and limits of liability before using the Truck. You agree that optional SLI will not be available to you after you have elected to provide your own liability insurance.

ECF No. 106-2 at 8-9. Here, when Neal leased the truck from Budget for commercial purposes on behalf of McCoy, he failed to purchase liability insurance from Budget and specifically indicated McCoy would provide its own liability coverage.

4

Plaintiff initiated this lawsuit on April 29, 2015, and filed a Fourth Amended Complaint (FAC) on April 5, 2016, seeking recovery under negligence and declaratory judgment theories. The parties subsequently filed their motions for partial summary judgment. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of the motions.

### III.     STANDARD OF REVIEW

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might "affect the outcome of the suit under the governing law." *Id.*

On a motion for summary judgment, all evidence must be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990); *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (holding the court views all facts, and all reasonable inferences to be drawn from them, "in the light most favorable to the non-moving party"). When multiple parties file motions for summary judgment, as is the case here, the court applies the same standard of review to each motion, and considers "each motion separately on its own merits to determine whether either [side] deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003).

## IV.     PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Court first turns to Plaintiff's motion for partial summary judgment, wherein Plaintiff seeks a determination of McCallum's liability to Plaintiff for damages arising from the accident. Construing Plaintiff's motion liberally, he also requests a declaration on whether McCallum's insurance liability coverage applies to Plaintiff's damages. Plaintiff further desires a declaration Budget is obligated to provide Supplemental Liability Insurance (SLI) in the amount of $2,000,000 as offered in the rental agreement. Interpreted liberally, Plaintiff's motion appears to alternatively seek a ruling Budget must provide a minimum of $750,000 in liability insurance coverage that would be applicable to Plaintiff's damages arising from the accident.

### A.     Plaintiff's Declaratory Judgment Claim Against McCallum and Its Insurance Company

As noted above, Plaintiff seeks a declaration McCallum is liable to Plaintiff for damages arising from the accident. To be liable, Plaintiff and McCallum appear to agree the Court must find McCallum is a motor carrier. *See* 49 U.S.C. § 14102(a)(4) (providing a "motor carrier" using "motor vehicles not owned by it to transport property under an arrangement with another party [shall] . . . have control of and be responsible for operating those motor vehicles in compliance with the requirements prescribed by the Secretary on safety of operations and equipment, and with other applicable law as if the motor vehicles were owned by the motor carrier").

To that end, Plaintiff claims in his FAC that McCallum is a motor carrier under federal law. But, in his motion, he argues McCallum constitutes a motor carrier under state law, specifically the terms of S.C. Code Ann. § 58-23-20. Assuming, without deciding, that in Plaintiff's motion he seeks to constructively amend his FAC on this issue, the Court will apply the state statute in its

adjudication of this claim here.  It will consider whether McCallum is a motor carrier under federal law later in this opinion.

> South Carolina law defines a "motor carrier" as
>
> every corporation or person, their lessees, trustees, or receivers, owning, controlling, operating, or managing any motor propelled vehicle used in transporting persons or property over any improved public highway in this state, whether or not for compensation, as defined by Section 58-23-30 and includes, but is not limited to, motor vehicle carriers as defined in Section 58-23-10 and private carriers.

S.C. Code Ann. § 58-23-1110(5).  The term "motor vehicle carrier" refers to "every corporation or person, their lessees, trustees or receivers, owning, controlling, operating or managing any motor propelled vehicle, not usually operated on or over rails, used in the business of transporting persons or property for compensation over any improved public highway in this State." *Id.* § 58-23-10(4).

In determining whether a party is a motor carrier under South Carolina law, it is appropriate to examine the specific nature of the transaction at issue, as the Court would under federal law.  *See* 13 Am. Jur. 2d *Carriers* § 5 (2000) ("The nature of a carrier is determined by its method of operation.  Thus, it has been said that a carrier's status is determined by what it does rather than by what it says it does." (footnote omitted)), *cited with approval in Bovain v. Canal Ins.*, 678 S.E.2d 422, 427 (S.C. 2009); *see also Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 785 (8th Cir. 2014) (stating when determining whether a party constitutes a motor carrier, the essential inquiry is whether it is a motor carrier with respect to the "specific transaction at issue" (internal quotation marks omitted)); *Camp v. TNT Logistics Corp.*, 553 F.3d 502, 507 (7th Cir. 2009) (holding "the crucial inquiry" in determining whether a logistics provider constitutes a motor carrier "is in what capacity [the logistics provider] was acting during the transaction").

7

Accordingly, this Court will examine the specific transaction at issue to determine whether McCallum was a motor carrier under South Carolina law for purposes of the transport at issue. Plaintiff insists McCallum is a regional motor carrier, pointing to McCallum's description of the services it offers on its website. However, Plaintiff's argument is without merit, as it neglects to consider the specific transaction at issue.

As noted above: McCallum contracted with McCoy to transport goods between McCallum's warehouses in Columbia and Charlotte. Blakeney drove the truck transporting the goods for McCoy, and the accident occurred during transportation between McCallum's warehouses.

Furthermore, McCoy leased the truck at issue from Budget. McCallum's agreement with McCoy provides McCallum would "not control or direct the means or manner in which [McCoy] performs the services (e.g. which streets to take from a pick-up site to a deliver site, the make and model of the delivery vehicle, the order in which services are rendered, etc.)." ECF No. 103-6 at 1. Moreover, the agreement sets forth McCoy's covenant to acquire and maintain all necessary licenses, permits, and registrations, obtain all necessary training, and be solely responsible for the operation of all equipment used in delivering goods for McCallum. *Id.* at 5-6.

Consequently, the Court holds as a matter of law McCallum fails to constitute a motor carrier under South Carolina law for the specific transaction at issue in this case, namely the transport of goods between McCallum's warehouses in Columbia and Charlotte. Thus, it follows McCallum is not liable for Plaintiff's damages under the theory it is a motor carrier under state law. As such, the Court denies the portion of Plaintiff's motion seeking a declaration McCallum is liable to Plaintiff for damages arising from the accident.

Construing Plaintiff's motion liberally, Plaintiff also requests a declaration McCallum's insurance policy with Princeton Excess and Surplus Lines Insurance Company (Princeton) applies to the accident. In a subsequent filing, however, Plaintiff inexplicably states McCallum's insurance policy with Princeton appears inapplicable to the accident, but Plaintiff then later asserts the Princeton policy applies to the accident and urges the Court to declare the same. ECF No. 113 at 4, 11. Suffice it to say Plaintiff's argument is without merit. Hence, the Court also denies the portion of Plaintiff's motion seeking a declaration McCallum's insurance liability coverage applies to Plaintiff's damages.

### B.   Plaintiff's Declaratory Judgment Claim Against Budget

The Court now turns to Plaintiff's motion for partial summary judgment on his declaratory judgment claim against Budget that it is obligated to provide SLI in the amount of $2,000,000 as offered in the rental agreement. Interpreted liberally, Plaintiff's motion appears to alternatively seek a ruling Budget must provide a minimum of $750,000 in liability insurance coverage that would be applicable to Plaintiff's damages arising from the accident. The Court notes Plaintiff utterly fails to provide a legal basis for his motion. In fact, the Court observes the motion is bereft of a single case citation. Because Plaintiff has neglected to present a legal theory to permit the relief he seeks against Budget, and it is outside the province of this Court to fashion one, the Court denies the remaining portion of Plaintiff's motion seeking a declaratory judgment against Budget.

### V.   MCCALLUM'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Court next examines McCallum's motion for partial summary judgment, which seeks a determination McCallum lacks liability for Plaintiff's injuries. As already noted, and Plaintiff and

9

McCallum appear to agree, the Court must hold McCallum is a motor carrier under the facts of this case for it to be liable. McCallum argues it fails to meet the definition of a motor carrier under federal law. McCallum's motion addresses federal law because Plaintiff's FAC references federal law on this issue, whereas as noted above, Plaintiff's motion analyzes South Carolina law.

Federal law provides a "motor carrier" is "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). Moreover,

> [t]he term "transportation" includes-- (A) a motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use; and (B) services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.

*Id.* § 13102(23).

Regardless of which motor carrier statute the Court applies in analyzing whether McCallum fits the definition, state or federal, the result is the same: it is not. As explained above, the undisputed facts of this case conclusively establish McCallum fails to constitute a motor carrier under South Carolina law. The Court holds as a matter of law McCallum fails to constitute a motor carrier under federal law for the same reasons.

Given the Court fully discussed this issue above, the Court need spill no further ink on this issue. Consequently, the Court will grant McCallum's motion for partial summary judgment.

## VI.    BUDGET'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Finally, the Court addresses Budget's motion for partial summary judgment, which also seeks a declaration it fails to meet the definition of a motor carrier for purposes of this lawsuit. In

Plaintiff's response to Budget's motion, "Plaintiff acknowledges . . . Budget was not acting as a motor carrier in this case." ECF No. 113 at 3. Hence, the Court holds as a matter of law Budget fails to qualify as a motor carrier for purposes of this lawsuit. The Court thus likewise grants Budget's motion for partial summary judgment.

Given these holdings are dispositive of the issues properly before the Court in the parties' motions, the Court need not address the parties' remaining arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## VII. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court Plaintiff's motion for partial summary judgment is **DENIED**, whereas McCallum's and Budget's motions for partial summary judgment are **GRANTED**.

**IT IS SO ORDERED**.

Signed this 4th day of January, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
